GARY HOWARD KIDGELL, IN PRO PER
4280 Albany Drive Suite J213
San Jose, CA 95129
Telephone: (408) 469-2060

Plaintiff: GARY HOWARD KIDGELL, IN PRO PER

**FILED**

2008 JUL 15 A 10: 54

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

GARY HOWARD KIDGELL,

    Plaintiff,

    v.

COUNTY OF SANTA CLARA;
COUNTY OF SANTA CLARA
SHERIFF'S DEPT.; UNKNOWN
DEPUTY SHERIFF SERGEANT;
UNKNOWN DEPUTY SHERIFFS
DEPARTMENT CORRECTION
OFFICERS; AND DOES 1 through 50,

    Defendants.

Case No.: **C 08 03396 HRL**

**COMPLAINT FOR BATTERY,
EXCESSIVE FORCE, PUBLIC ENTITY
AND EMPLOYEE LIABILITY, CIVIL
RIGHTS VIOLATIONS, UNRUH ACT
VIOLATIONS, DAMAGES**

PLAINTIFF GARY KIDGELL IN PRO PER ALLEGES:

## JURISDICTIONAL ALLEGATIONS

1.    Plaintiff is and was at all times mentioned herein a citizen of Santa Clara, California.

2.    The County of Santa Clara, the Santa Clara County Sheriff's Department and Doe Defendants 1 through 50 are government entities or employees of government entities doing business in Santa Clara County, California.

3.    Plaintiff is ignorant of the true names and capacities of those sued herein as Does 1 through 50 and therefore sues the defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4.    Defendants at all times mentioned herein were the employers or representatives, agents and employees of their Co-Defendants and in doing the things alleged were acting within the course and scope of the representation and agency and with the permission and consent of their Co-Defendants, thereafter ratified their acts and conduct.

5.    The Individual Defendants, both as agents for the Employer defendants and in their individual capacities, engaged in conduct that was malicious, with the intent to cause injury, despicable and done with a willful and knowing disregard for the rights and safety of Plaintiff and were aware of the probable dangerous consequences of their conduct and deliberately failed to avoid those consequences.

6.    The Individual Defendants, both in their capacity as agents for their Employer Defendants and in their individual capacities, acted with oppression in that their conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights. Defendant's conduct was despicable, so vile, base and contemptible that it may be looked down on and despised by reasonable people.

7.    The Individual Defendants were managing agents of their employers and exercised substantial independent authority on judgment in performing the acts alleged. The Employer Defendants knew of their agents' wrongful conduct and adopted and approved and ratified it both before and after the conduct occurred.

## DAMAGES ALLEGATIONS

8.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth. Paragraphs 1 through 7 of this Complaint.

9.    As a proximate result of the acts of Defendants herein alleged, Plaintiff was compelled to secure the services of an attorney for which Plaintiff was, and will become required to expend money to his damage.

2

10.    As a further proximate result of the acts of Defendants as alleged, Plaintiff was required to and did employ physicians and other medical treaters for medical examination, treatment and care and did incur medical and incidental expenses.

11.    As a proximate result of the acts of Defendants, Plaintiff was injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, and, among others, sustained emotional and physical distress, highly unpleasant emotional reactions, including fright, shock, nervousness, anxiety, worry, horror, grief, mortification, humiliation, embarrassment, indignity, apprehension, fear and terror, all of which injuries have caused Plaintiff to suffer extreme and severe physical pain and mental anguish. These injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum unknown at this time.

## FACTUAL ALLEGATIONS

12. Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 11 of this Complaint.

13. On or around 10:30 p.m., on New Year's Even, December 31, 2007, Kidgell, his wife, and a friend, met at a pub named Molly McGee's located at 2410 Castro Street in Mountain View, California, to welcome the New Year. Kidgell had no more than four rum and Coca-Cola drinks while at Molly McGee's.

14. The three of them visited, danced and enjoyed the evening until approximately 1:30 p.m. Then Kidgell and his wife left to walk north on the east side of Castro Street to the train station to go home.

15. Kidgell was boisterous on Castro Street outside Molly McGee's and attracted the attention of a Mountain View Police Officer who arrested him on suspicion of being intoxicated in a public place, a violation of Penal Code 647f. No blood-alcohol test was ever performed on Kidgell.

16. Kidgell was handcuffed and placed in the back of a City of Mountain View Police Department transport vehicle and taken to the City of Mountain View Police Department where two other recent arrestees were placed in the vehicle with him. The City of Mountain View

3

1  police transport vehicle then took the three of them to Santa Clara County jail at 180 W. Hedding
2  Street in San Jose, California.

3      17.  Kidgell was taken out of the City of Mountain View Police Department transport
4  vehicle at the Santa Clara County Main Jail Processing Center on Hedding Street in the City of
5  San Jose, California.  Inside the processing center Kidgell was handcuffed to one of several steel
6  chairs in the middle of the processing center.  The chairs are attached by bolts to the floor and
7  have steel armrests with handcuffs attached to the armrests.  Each of Kidgell's wrists were
8  handcuffed to the steel chair by the armrest handcuffs.

9      18.  After approximately 5 minutes, Kidgell was taken to a pre-booking desk, and then
10 placed back to a steel chair and re-handcuffed as before.  Kidgell then sat in the steel chair for
11 approximately two hours.

12     19.  Kidgell was angry at what he considered an unjust arrest and incarceration and spoke
13 loudly and critically to nearby deputy sheriffs who were on duty.  Kidgell then stopped speaking
14 to the deputies and sat quietly.

15     20.  After Kidgell had been sitting quietly for approximately 20 to 30 minutes, a Sergeant
16 and two other deputies approached him and the Sergeant said to Kidgell that they were "going to
17 show him what a move is."

18     21.  The two deputies un-handcuffed Kidgell from the steel chair and pulled him to his
19 feet.  Then, each deputy took one of his arms, placed each upper arm in a horizontal position
20 straight out from his shoulder and parallel to the floor, and placed each of his forearms in a
21 vertical position, straight up and in the same plane as were his upper arms.

22     22.  The two deputies then held each of Kidgell's arms braced in the above-described
23 position and pushed his hands down and backward, palms upward, so that each of his wrists were
24 bent backward at more than their normal range of motion.  The angle between the back of
25 Kidgell's hand and his forearm was less than 90 degrees.  Kidgell asked the deputies to "please
26 don't break my wrists."  In response, the deputies increased the downward pressure on each of
27 his hands.

28

PLAINTIFF'S AMENDED COMPLAINT

23. The two deputies then, while holding Kidgell's arms and hands in the above described position, walked him from the steel chair he was sitting in to another steel chair approximately 7 to 10 feet away. When Kidgell asked the deputies and the Sergeant why they had moved him, they laughed and did not answer.

24. As a result of the above described treatment, Kidgell suffered a radial styloid fracture of the right wrist and serious left wrist sprain.

## FIRST CAUSE OF ACTION FOR
## BATTERY BY PEACE OFFICER

25. Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 24 of this Complaint.

26. Defendants committed a battery of Plaintiff by touching Plaintiff or causing Plaintiff to be touched with the intent to harm or offend him. Plaintiff did not consent to the touching.

27. Defendants' use of force against plaintiff was unreasonable under California Penal Code §835a; causing an injury by a public employee under Government Code §815.2; an intentional tort under Government Code §815.3.

28. Plaintiff was harmed and offended by Defendants' conduct. A reasonable person in Plaintiff's situation would have been offended.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

29. Plaintiff hereby re-alleges and incorporates by reference herein, as if fully set forth, Paragraphs 1 through 28 of this Complaint.

30. Plaintiff alleges that Defendants violated his Civil Rights stated in 42 USC section 1983, as follows:

31. Defendants, acting or purporting to act in the performance of their official duties, deprived Plaintiff of his Civil Rights under the Fourth Amendment of the United States and California Constitutions to be free of unreasonable search and seizure.

5

32.  Defendants, acting or purporting to act in the performance of their official duties, deprived Plaintiff of his Civil Right to be free of unreasonable search and seizure as a result of the official policy and/or custom of the Employer Defendants.

33.  Defendants, acting or purporting to act in the performance of their official duties, acted with deliberate indifference to the need to train its officers/employees adequately and having training programs adequate to train its officers/employees to properly handle usual and recurring situations.

34.  Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CALIFORNIA CIVIL CODE §52.1
## AGAINST ALL DEFENDANTS

35.  Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 34 of this complaint.

36.  All Defendants, while acting under California law, interfered and attempted to interfere, with Plaintiff's right to be free or unreasonable search and seizure, by threats, intimidation, coercion, and attempted to interfere by threats, intimidation or coercion with Plaintiff's exercise or enjoyment of rights secured by the Constitution of the United States and rights secured by the Constitution and laws of the State of California.

37.  All Defendants aided, incited, and conspired in the denial of Plaintiff's civil rights and are liable for all actual damages suffered by Plaintiff, and in addition, the damages provided by law and statute.

WHEREFORE, Plaintiff prays for judgment against the County of Santa Clara and individual defendants whose names are unknown as follows:

1.  For all medical and incidental expenses, past and future, according to proof;

2.  For all lost income, past and future, according to proof;

3.  For pain and suffering and general damages according to proof;

4.  For attorney's fees;

6

PLAINTIFF'S AMENDED COMPLAINT

5.  For all damages to which Plaintiff is entitled under section 52.1 of the California Code of Civil Procedure, and 42 U.S.C. 1983;

6.  For all costs of suit herein; and

7.  For such other and further relief as the Court may deem proper.

Dated:  July 15, 2008

_____
Gary Kidgell, Plaintiff in Pro Per

7

PLAINTIFF'S AMENDED COMPLAINT

JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

GARY HOWARD KIDGELL

## DEFENDANTS

County of Santa Clara et al

**(b)** County of Residence of First Listed Plaintiff  Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Santa Clara County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

ADR

Attorneys (If Known)

C08 03396 HRL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | ☒ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1331, 1332 1543(3) 2201 2202
Brief description of cause:
Battery Excessive Force Public Entity And Employee liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE  7/15/08

SIGNATURE OF ATTORNEY OF RECORD  Kidgell  Pro Per

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                   Brief Description: <u>Unauthorized reception of cable service</u>

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.