ANN MILLER RAVEL, County Counsel (S.B. #62139)
RIMA H. SINGH, Deputy County Counsel (S.B. #100244)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA AND
COUNTY OF SANTA CLARA SHERIFF'S
DEPARTMENT

**ORDER E-FILED 1/22/2009**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose)

| | |
|---|---|
| GARY H. KIDGELL, | No.   C08-03396 JW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | **WITH ADDENDUM** |
| COUNTY OF SANTA CLARA et al., | **(MODIFIED BY THE COURT)** |
| Defendants. | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, including confidential juvenile court records, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Defendants specifically claim official information privilege with respect to videotapes concerning Main Jail booking which include detainees who are not the subject of this action and are entitled to protection of their privacy rights.  Defendants claim official information privilege also as to a restricted use of force policy.  Defendants also claim official information privilege with respect to Classification records which are rigorously held and maintained in strict confidentiality.  The Classification Unit creates and maintains records regarding how DOC

makes security and housing assignment decisions for each inmate, according to various objective factors, including the inmate's criminal history, judicial status, medical or psychiatric conditions, and past and present behavior patterns. This privilege is asserted in order to safeguard highly sensitive law enforcement methods and codes used in inmate classification and in the safe and orderly operation of the facilities of the Santa Clara County Department of Correction ("DOC"). The documents are currently redacted on the basis of the official information privilege on the ground that they reflect highly sensitive law enforcement methods used in inmate classification. These records designated as "restricted," are highly confidential, in that if such documents were disclosed, current and future inmates would obtain sufficient knowledge to manipulate the classification system and their housing in order, for example, to plan and carry out assaults on other inmates and on DOC staff. Inmates who gain such knowledge could obtain personal information about other inmates in violation of their constitutional privacy rights and use it to manipulate those inmates or otherwise threaten their safety. In DOC's experience Inmates will intentionally "bait" and otherwise harass DOC officers with the intention of being reclassified and rehoused into a different cell within the Main Jail. Revealing sensitive, confidential Classification records that would reveal to an inmate (and to those to whom he distributes the records) how to manipulate the Classification process and jeopardize the safety and security of the jails.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

//

2. DEFINITIONS

    2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

    2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

    2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

    2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

2  parties or counsel to or in court or in other settings that might reveal Protected Material.

3      4.    <u>DURATION</u>

4      Even after the termination of this litigation, the confidentiality obligations imposed by this

5  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6  order otherwise directs, based on its own motion or a motion brought by a Designating Party.

**For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this order.**

7      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

8      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

9  Party or non-party that designates information or items for protection under this Order must take

10  care to limit any such designation to specific material that qualifies under the appropriate

11  standards.  A Designating Party must take care to designate for protection only those parts of

12  material, documents, items, or oral or written communications that qualify – so that other

13  portions of the material, documents, items, or communications for which protection is not

14  warranted are not swept unjustifiably within the ambit of this Order.

15      Mass, indiscriminate, or routinized designations are prohibited.  Designations that

16  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

17  unnecessarily encumber or retard the case development process, or to impose unnecessary

18  expenses and burdens on other parties), expose the Designating Party to sanctions.

19      If it comes to a Party's or a non-party's attention that information or items that it

20  designated for protection do not qualify for protection at all, or do not qualify for the level of

21  protection initially asserted, that Party or non-party must promptly notify all other parties that it

22  is withdrawing the mistaken designation.

23      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

24  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

25  ordered, material that qualifies for protection under this Order must be clearly so designated

26  before the material is disclosed or produced.

27      Designation in conformity with this Order requires:

28      (a)    <u>for information in documentary form</u> (apart from transcripts of

1  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
2  "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion
3  or portions of the material on a page qualifies for protection, the Producing Party also must
4  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5        (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
6  that the Party or non-party offering or sponsoring the testimony identify on the record, before
7  the close of the deposition, hearing, or other proceeding, all protected testimony. When it is
8  impractical to identify separately each portion of testimony that is entitled to protection, and
9  when it appears that substantial portions of the testimony may qualify for protection, the Party
10 or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the
11 deposition or proceeding is concluded) a right to have up to 20 days to identify the specific
12 portions of the testimony as to which protection is sought. Only those portions of the testimony
13 that are appropriately designated for protection within the 20 days shall be covered by the
14 provisions of this Stipulated Protective Order.

15     5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
16 designate qualified information or items as "Confidential" does not, standing alone, waive the
17 Designating Party's right to secure protection under this Order for such material. If material is
18 appropriately designated as "Confidential" after the material was initially produced, the
19 Receiving Party, on timely notification of the designation, must make reasonable efforts to
20 assure that the material is treated in accordance with the provisions of this Order.

21     6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

22     6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
23 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
24 economic burdens, or a later significant disruption or delay of the litigation, a Party does not
25 waive its right to challenge a confidentiality designation by electing not to mount a challenge
26 promptly after the original designation is disclosed.

27     6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating
28 Party's confidentiality designation must do so in good faith and must begin the process by

1  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
2  with counsel for the Designating Party.  In conferring, the challenging Party must explain the
3  basis for its belief that the confidentiality designation was not proper and must give the
4  Designating Party an opportunity to review the designated material, to reconsider the
5  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
6  designation.  A challenging Party may proceed to the next stage of the challenge process only if
7  it has engaged in this meet and confer process first.

        6.3   Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

        7.   ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location

//

and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)    the Receiving Party's Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)    the author of the document or the original source of the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that

1  would compel disclosure of any information or items designated in this action as

2  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by

3  fax, if possible) immediately and in no event more than three court days after receiving the

4  subpoena or order.  Such notification must include a copy of the subpoena or court order.

5      The Receiving Party also must immediately inform in writing the Party who caused the

6  subpoena or order to issue in the other litigation that some or all the material covered by the

7  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

8  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

9  caused the subpoena or order to issue.

10      The purpose of imposing these duties is to alert the interested parties to the existence of

11  this Protective Order and to afford the Designating Party in this case an opportunity to try to

12  protect its confidentiality interests in the court from which the subpoena or order issued.

**(See Addendum).**

13      9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15  Material to any person or in any circumstance not authorized under this Stipulated Protective

16  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

17  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

18  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

19  of this Order, and (d) request such person or persons to execute the "Acknowledgment and

20  Agreement to Be Bound" that is attached hereto as Exhibit A.

21      10.   FILING PROTECTED MATERIAL.

22      Without written permission from the Designating Party or a court order secured after

23  appropriate notice to all interested persons, a Party may not file in the public record in this

24  action any Protected Material.  A Party that seeks to file under seal any Protected Material must

25  comply with Civil Local Rule 79-5.

26      11.   FINAL DISPOSITION.

27      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

28  after the final termination of this action, each Receiving Party must return all Protected Material

1   to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,
2   abstracts, compilations, summaries or any other form of reproducing or capturing any of the
3   Protected Material.  With permission in writing from the Designating Party, the Receiving Party
4   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected
5   Material is returned or destroyed, the Receiving Party must submit a written certification to the
6   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
7   deadline that identifies (by category, where appropriate) all the Protected Material that was
8   returned or destroyed and that affirms that the Receiving Party has not retained any copies,
9   abstracts, compilations, summaries or other forms of reproducing or capturing any of the
10  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival
11  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
12  work product, even if such materials contain Protected Material.  Any such archival copies that
13  contain or constitute Protected Material remain subject to this Protective Order as set forth in
14  Section 4 (DURATION), above.

15        12.   MISCELLANEOUS

16            12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person
17  to seek its modification by the Court in the future.

18            12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective
19  Order no Party waives any right it otherwise would have to object to disclosing or producing
20  any information or item on any ground not addressed in this Stipulated Protective Order.
21  Similarly, no Party waives any right to object on any ground to use in evidence of any of the
22  material covered by this Protective Order.
23  / /
24  / /
25  / /
26  / /
27  / /
28  / /

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  January 5, 2009                    By: _____/S/_____
                                                             NORMAN  NEWHOUSE

                                                             Attorney for Plaintiff
                                                             GARY H. KIDGELL


                                                             ANN MILLER RAVEL
                                                             County Counsel

Dated:  December 30, 2008                  By: _____/S/_____
                                                             RIMA H. SINGH
                                                             Deputy County Counsel

                                                             Attorneys for Defendant
                                                             COUNTY OF SANTA CLARA

## ORDER

**(AS MODIFIED BY THE COURT),**
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 22, 2009                    _____
                                                             United States ~~District~~ Judge
                                                             Magistrate
                                                             Howard R. Lloyd

162315.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, __Norman Newhouse__ [print or type full name], of 483 Seaport Court, Suite 103, Redwood City, CA 94063 [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Kidgell v. Santa Clara County*; **Case No. C06-03396JW**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _Howard L. Johnson_ [print or type full name] of 483 Seaport Court, Suite 103, Redwood City, CA 94063 - phone (650) 630-5616 [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: January 5, 2009

City and State where sworn and signed: Redwood City, California

Printed name: Norman Newhouse
[printed name]

Signature: _____
[signature]

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

**EXHIBIT A**

# ADDENDUM TO PROTECTIVE ORDER
Gary H. Kidgell v. County of Santa Clara et al.
Case No. C08-03396 JW (HRL)

IT IS HEREBY ORDERED as follows:

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

The Designating Party shall bear the burdens and expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

1 **5:08-cv-3396 Notice has been electronically mailed to:**

2 David Michael Rollo david.rollo@cco.sccgov.org, anna.espiritu@cco.sccgov.org

3 Norman Charles Newhouse norm@normannewhouse.com, hjohnson@normannewhouse.com

4 Rima Harbans Singh rima.singh@cco.sccgov.org

5 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**